UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER E. CENAC, SR., M.D., ET AL.,**      **Plaintiffs** | **CIVIL DOCKET** |
| **VERSUS** | **NO. 20-3292** |
| **WALSWORTH PUBLISHING COMPANY, INC.,**      **Defendant** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is a motion to remand by Plaintiffs Dr. Christopher E. Cenac, Sr., Cindy T. Cenac, and JPC, L.L.C.[1]

## BACKGROUND

This breach of contract action arises from the printing of 3,347 copies of Plaintiff Dr. Cenac's *Hard Scrabble to Hallelujah, Legacies of Terrebonne Parish Volume I: Bayou Terrebonne*, which Plaintiffs allege were improperly bound and defective.[2] On December 19, 2019, they initiated suit against Defendant Walsworth Publishing Company, Inc. ("Walsworth") in the 32nd Judicial District Court for the Parish of Terrebonne, Louisiana.[3] On December 2, 2020, Walsworth removed the action to this Court.

---

[1] R. Doc. 7. Walsworth filed an opposition. R. Doc. 10. Plaintiffs filed a reply. R. Doc. 13. Plaintiffs filed a supplemental memorandum in support of their motion to remand. R. Doc. 21.
[2] R. Doc. 1-2 at ¶¶ 6-9.
[3] R. Doc. 1-2.

1

On December 3, 2020, the Court ordered Walsworth to amend its notice of removal to properly allege the citizenship of Plaintiff JPC, LLC.[4] On December 4, 2020, Walsworth complied with the Court's order and filed an amended notice of removal.[5]

On January 4, 2020, Plaintiffs moved to remand.[6] Plaintiffs argue the removal was improper because the amount in controversy is not satisfied.[7] On January 14, 2021, Walsworth filed an opposition.[8] On January 20, 2021, Plaintiffs filed a reply.[9] On February 3, 2021, the Court granted Walsworth leave to conduct limited jurisdictional discovery with respect to amount in controversy.[10] Both parties were given leave to file supplemental memorandum following the discovery.[11] On March 18, 2021, Plaintiffs filed a supplemental memorandum in support of their motion to remand.[12] Walsworth did not file a supplemental memorandum or response.

## LAW AND ANALYSIS

Subject matter jurisdiction in this case is premised on diversity of citizenship. Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the U.S. Constitution or by Congress.[13] Therefore, the Court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[14] Federal law allows for state civil suits to be

---

[4] R. Doc. 3.
[5] R. Doc. 5.
[6] R. Doc. 7.
[7] *Id.*
[8] R. Doc. 10.
[9] R. Doc. 13.
[10] R. Doc. 14.
[11] *Id.*
[12] R. Doc. 21.
[13] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. Feb. 28, 2001).
[14] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by [an] Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[15]

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[16] When removal is based on federal diversity jurisdiction, the removing party must show that (1) complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[17] Diversity of citizenship is not in dispute.

Because Louisiana law prohibits state-court plaintiffs from claiming a specific amount of damages,[18] the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00 jurisdictional amount at the time of removal.[19] The removing defendant may meet its burden by offering "summary-judgment type evidence" of facts in controversy, which support a finding that the requisite amount is in controversy.[20]

In their supplemental memorandum, Plaintiffs clarify they are seeking damages on behalf of JPC, LLC only.[21] More importantly, Plaintiffs state the damages are no more

---

[15] 28 U.S.C. § 1441(a).
[16] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[17] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[18] *See* LA. CODE CIV. PROC. art. 893.
[19] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[20] *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003); *see also Simon*, 193 F.3d at 850; *Luckett*, 171 F.3d at 298.
[21] R. Doc. 21 at 1.

than $50,729.28.[22] In support, Plaintiffs attached the deposition of Dr. Christopher Cenac[23] and an invoice from Walsworth, which show that the amount in controversy fails to exceed $75,000.[24] Accordingly, the Court finds it lacks diversity jurisdiction.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand is **GRANTED**.[25] This matter is **REMANDED** to the 32nd Judicial District Court for the Parish of Terrebonne, Louisiana.

**New Orleans, Louisiana, this 22nd day of March, 2021.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[22] R. Doc. 21. at 5 ("Plaintiff's damages are no more than $50,729.28 [$1,000 (shipping costs) + $1,603.34 (storage costs) + $48,125.94 (original contract invoice)]").
[23] R. Doc. 21-2.
[24] R. Doc. 21-3.
[25] R. Doc. 7.

4